**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

-------------------------------------------------------------- :

FREIGHTMASTER USA, LLC.,         :         Hon. Katherine S. Hayden
                            :        Case No.: 2:14-cv-03229
           Plaintiff,     :
                            :
v.                               :
                            :
FEDEX, INC.,                 :
                            :
           Defendant.    :

-------------------------------------------------------------- :

---

## MEMORANDUM OF LAW SUBMITTED IN SUPPORT OF MOTION IN LIEU OF ANSWER TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12

---

Jennifer Rygiel-Boyd
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
(973) 656-1600
jennifer.rygiel-boyd@odnss.com
Attorneys for Defendant FedEx
Freight, Inc. (improperly pled as
"Fedex, Inc.")

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 1

STATEMENT OF FACTS ......................................................................................... 2

PROCEDURAL BACKGROUND ............................................................................ 2

   I.   Plaintiff's First Lawsuit Seeking the Collection of Additional Fees Allegedly
Owed by FedEx Freight .................................................................................... 2

  II.   Plaintiff's Second Lawsuit Seeking the Collection of Additional Fees Allegedly
Owed by FedEx Freight. ................................................................................... 3

LEGAL ARGUMENT ............................................................................................... 4

   I.   The Complaint Should be Dismissed Based on Plaintiff's Failure to State a Claim
Upon which Relief can be Granted. .................................................................. 4

      A.  The Entire Controversy Doctrine Bars Plaintiff from Bringing a Second
Lawsuit Against FedEx Freight for the Recovery of Fees Allegedly Owed. .......... 5

      B.  Plaintiff Failed to Comply with the Applicable Statute of Limitations. ............... 8

      C.  Plaintiff Failed to Plead Cognizable Claims of Unjust Enrichment and
Promissory Estoppel. ................................................................................. 10

      D.  Plaintiff's Promissory Estoppel Claim is Insufficient. .......................................... 12

  II.   The Complaint Should be Dismissed Based on the Insufficiency Process and/or
Service of Process. ........................................................................................... 14

      A.  Insufficient Service of Process. ................................................................. 17

      B.  Absence of Summons. ............................................................................... 18

CONCLUSION ........................................................................................................ 19

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*A.J. Tenwood Associates v. Orange Senior Citizens Housing Co.*,
200 N.J. Super. 515 (App. Div. 1985), *certif. denied*, 101 N.J. 325 (1985) ..........8

*Ajamian v. Schlanger*,
14 N.J. 483, 103 A.2d 9 (N.J.), *cert. denied*, 348 U.S. 835 (1954) ....................6, 7

*Alston v. Parker*,
363 F.3d 229 (3d Cir. 2004) ........................................................................4

*Ashcroft v. Iqbal*,
-- U.S. --, 129 S. Ct. 1937 (2009)............................................................. 12, 13

*Ayres v. Jacobs & Crumplar*,
99 F.3d 565 (3d Cir. 1996) ........................................................................15

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ..............................................................................12, 13

*Broadcom Corp. v. Qualcomm Inc.*,
501 F.3d 297 (3d Cir. 2007) ........................................................................4

*Circle Chevrolet v. Giordano, Halleran & Ciesla*,
142 N.J. 280 (1995) ..................................................................................6

*Cogdell v. Hospital Center*,
116 N.J. 7, 560 A.2d 1169 (N.J. 1989) ......................................................5, 6

*DiTrolio v. Antiles*,
142 N.J. 253 (N.J. 1995) ..............................................................................7

*Eagle Fire Protection Corp. v. First Idem. of Am. Ins. Co.*,
145 N.J. 345 (1996)....................................................................................8

*Fed'l Ins. Co. v. Tyco Int'l Ltd.*,
422 F.Supp.2d 357 (S.D.N.Y. 2006)............................................................16

*Fields v. Thompson Printing Co., et al.*,
363 F.3d 259 (3rd. Cir 2004) ......................................................................6

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009) ......................................................................12, 13

*Fuller v. PepsiCo, Inc.*,
2012 WL 3990635 (D.N.J. September 11, 2012) ......................................14

*Gashlin v. Prudential Ins. Co. of America*,
286 F.Supp.2d 407 (D.N.J. Sept. 4, 2003).................................................9

*Grand Entm't Group v. Star Media Sales, Inc.*,
988 F.2d 476 (3d Cir. 1993).......................................................................17

*Hakim v. Bay Sales Corp.*,
2007 WL 2752077 (D.N.J. Sept. 17, 2007)................................................16

*Hartford Fire Ins. Co. v. California*,
509 U.S. 764 (1993) ....................................................................................4

*In Re Burlington Coat Factory Securities Litigation*,
114 F.3d 1410 (3d Cir. 1997)..................................................................4, 5

*Iwanicki v. Bay State Mill. Co.*,
2012 WL 4442643 (D.N.J. September 21, 2012) ......................................14

*Jones v. Marin*,
2009 WL 2595619 (D.N.J. August 20, 2009).............................................11

*Kassa v. Johnson*,
2009 WL 1658528 (App. Div. June 16, 2009) ...........................................9

*Labeau v. Rentzis*,
2010 WL 2521764 (D.N.J. June 14, 2010).................................................9

*Lee v. City of Beaumont*,
12 F.3d 933 (9th Cir. 1993) .......................................................................16

*Malaker Corp. Stockholders Protective Comm. v. First Jersey Nat'l Bank*,
163 N.J. Super. 463 (App. Div. 1978) .......................................................14

*Massari v. Einsiedler*,
6 N.J. 303 (N.J. 1951)..................................................................................6

*Mirra v. Holland America Line*,
    331 N.J. Super. 86 (App. Div. 2000) ....................................................................9

*Norsyn, Inc. v. Desai*,
    351 F.3d 825 (8th Cir. 2003).............................................................................16

*Nubenco Enterprises, Inc. v. Inversiones Barberena, S.A.*,
    963 F. Supp. 353 (D.N.J. 1997)...........................................................................7

*Olds v. Donnelly*,
    150 N.J. 424, 696 A.2d 633 (N.J. 1997).............................................................5

*Order of United Comm. Travelers of Am. v. Wolfe*,
    331 U.S. 586 (1947) ............................................................................................8

*Ramon v. Budget Rent-A-Car Sys.*,
    2007 WL 604795 (D.N.J. Feb. 20, 2007) .........................................................10

*Syncsort Inc. v. Sequential Software, Inc.*,
    50 F. Supp. 2d 318 (D.N.J. 1999) .......................................................................4

*Taveras v. Resorts Intern. Hotel, Inc.*,
    2008 WL 4372791 (D.N.J. Sept. 19, 2008)........................................................16

*Thomas v. Care Plus of New Jersey, Inc.*,
    2012 WL 646023 (D.N.J. February 28, 2012).....................................................7

*Vacca v. Stika*,
    21 N.J. 471 (N.J. 1956).......................................................................................6

*Weiner v. Quaker Oats Co.*,
    129 F.3d 310 (3d Cir. 1997) ................................................................................4

*Wilkerson v. New Media Technology Charter*,
    522 F.3d 315 (3d Cir. 2008) ..............................................................................13

*Winslow v. Corporate Express, Inc.*,
    364 N.J. Super. 128 (App. Div. 2003) ...............................................................10

*Zhejiang v. Rongyao Chemical Co., Ltd. v. Pfizer Inc.*,
    2012 WL 4442725 (D.N.J. September 21, 2012) ...............................................14

iv

**STATUTES**

28 U.S.C. 1448 ................................................................................................................. 19

**OTHER AUTHORITIES**

4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
§ 1083 (3d ed. 2013) ............................................................................................ 15

FED. R. CIV. P. 8(a)(2) ...................................................................................................... 12

New Jersey Court Rule 4:4-4 ...................................................................................... 18, 20

## __INTRODUCTION__

Dismissal of Plaintiff FreightMaster USA, LLC's ("Plaintiff") Complaint is mandated under the entire controversy doctrine.  On September 28, 2012, Plaintiff filed its initial lawsuit against Defendant FedEx Freight, Inc. (improperly pled as FedEx, Inc.) ("FedEx Freight") for its alleged non-payment of cargo and freight delivery services provided in accordance with the parties' Cartage Agreement. The Superior Court of New Jersey dismissed Plaintiff's Complaint on October 30, 2013, and subsequently denied Plaintiff's motion for reconsideration on December 13, 2013.  Several months later, Plaintiff filed the instant lawsuit against FedEx Freight.  Like in the first suit, Plaintiff again asserts claims against FedEx Freight for its alleged non-payment of cargo and freight delivery services provided in accordance with the Cartage Agreement.  In accordance with the entire controversy doctrine, Plaintiff was required to bring all related claims against FedEx Freight in its initial lawsuit against FedEx Freight.  Because Plaintiff failed to do so, its current Complaint must be dismissed.

Further, dismissal of the Complaint is also warranted as Plaintiff failed to comply with the statute of limitations explicitly agreed upon by the parties in the Cartage Agreement, and failed to assert cognizable claims against FedEx Freight. Therefore, the dismissal of the Complaint under Rule 12(b)(6) is warranted as a matter of law.

Moreover, dismissal is also warranted under Rule 12(b)(4) and (b)(5) as Plaintiff failed to serve FedEx Freight in accordance with the applicable rules.

## STATEMENT OF FACTS

For the purposes of this motion to dismiss, FedEx Freight accepts all facts asserted in the Complaint as true.  In or about June 2009, Plaintiff entered into a Cartage Agreement with FedEx Freight (the "Agreement").  Docket Entry No. 1, Exh. A (hereinafter "Complaint"); Rygiel-Boyd Cert., ¶4 and Exhs. A and B.) Plaintiff provided cargo and freight delivery services in accordance with this agreement from December 2008 through April 2010.  (Complaint, ¶4.)  Plaintiff now asserts FedEx Freight failed to pay it for all the work performed in accordance with their Agreement.

## PROCEDURAL BACKGROUND

**I.      Plaintiff's First Lawsuit Seeking the Collection of Additional Fees Allegedly Owed by FedEx Freight.**

Plaintiff commenced its initial lawsuit against FedEx Freight on about September 28, 2012 in the Superior Court of New Jersey, Law Division, Bergen County, Docket No.: L-7663-12.  (Rygiel-Boyd Cert., ¶4.)  In that lawsuit, Plaintiff attempted to collect additional fees allegedly owed to it by FedEx Freight.  (*Id.*) Plaintiff asserted claims for breach of contract, breach of the duties of good faith and fair dealing, unjust enrichment, negligent infliction of economic loss and promissory estoppel.  (*Id.*)

On October 30, 2013, the Court granted FedEx Freight's motion to dismiss. (Rygiel-Boyd Cert., ¶5.)  Plaintiff subsequently moved for reconsideration, which the Court denied on December 13, 2013.  (Rygiel-Boyd Cert., ¶6.)

## II.  Plaintiff's Second Lawsuit Seeking the Collection of Additional Fees Allegedly Owed by FedEx Freight.

Several months later, Plaintiff filed its second lawsuit seeking the collection of the additional fees allegedly owed by FedEx Freight.  On March 24, 2014, Plaintiff filed a nearly identical Complaint in the Superior Court of New Jersey, Law Division, Bergen County, Docket No.: L-2811-14.  (*See* Complaint.)  In this second lawsuit, Plaintiff again asserted claims for breach of contract, breach of the duties of good faith and fair dealing, unjust enrichment, negligent infliction of economic loss and promissory estoppel, in addition to a new claim of bad faith. (*Id.*)

On May 20, 2014, FedEx Freight timely removed this matter to the United States District Court for the District of New Jersey.  (*Id.*)  Simultaneously, FedEx Freight timely moved, under Local Rule 6.1, to extend its deadline to answer, move or otherwise reply to the Complaint to June 10, 2014, which the Court granted.  (Docket Entry No. 3.)

FedEx Freight now moves pursuant to Rule 12 of the Federal Rules of Civil Procedure in lieu of Answer to dismiss the Complaint with prejudice.

## LEGAL ARGUMENT

**I.     The Complaint Should be Dismissed Based on Plaintiff's Failure to State a Claim Upon which Relief can be Granted.**

Plaintiff's Complaint should be dismissed with prejudice in accordance with Rule 12(b)(6) based on its failure to state a cause of action upon which relief can be granted.  In deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 306 (3d Cir. 2007).  Dismissal is proper when it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations and an amendment would be inequitable or futile. *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *Weiner v. Quaker Oats Co.*, 129 F.3d 310, 315 (3d Cir. 1997); *Syncsort Inc. v. Sequential Software, Inc.*, 50 F. Supp. 2d 318, 324 (D.N.J. 1999).

When deciding a motion to dismiss, Courts will rely upon any "document *integral to or explicitly relied* upon in the complaint."  *In Re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citations omitted) (emphasis in the original).  "Plaintiffs cannot prevent a court from looking

at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." *Id.*

As explained in more detail below, Plaintiff failed to comply with the applicable statute of limitations, and failed to plead its claims in accordance with the standards set forth *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937 (2009).  Accordingly, the dismissal of the Complaint under Rule 12(b)(6) is warranted as a matter of law.

### A.   The Entire Controversy Doctrine Bars Plaintiff from Bringing a Second Lawsuit Against FedEx Freight for the Recovery of Fees Allegedly Owed.

Plaintiff is barred from bringing this second lawsuit against FedEx Freight under the "entire controversy doctrine."   Under this doctrine, Plaintiff was **obligated** to bring all related claims against FedEx Freight in its initial lawsuit against FedEx Freight. Plaintiff's failure to do so bars its present claims against FedEx Freight.

The entire controversy doctrine embodies the principle that the adjudication of a legal controversy should occur in only one litigation in only one court.  *Olds v. Donnelly*, 150 N.J. 424, 696 A.2d 633, 637 (N.J. 1997); *Cogdell v. Hospital Center*, 116 N.J. 7, 560 A.2d 1169, 1173 (N.J. 1989).  New Jersey has long held a strong commitment to the entire controversy doctrine.  Our Supreme Court has stated that the entire controversy doctrine "seeks to further the judicial goals of

fairness and efficiency by requiring, whenever possible, 'that the adjudication of a legal controversy should occur in one litigation in only one court.'" *Circle Chevrolet v. Giordano, Halleran & Ciesla*, 142 N.J. 280, 289 (1995) (*quoting Cogdell*, 116 N.J. at 15). Codified in Rule 4:30A of the New Jersey Rules of Civil Procedure, the doctrine provides that "non-joinder of claims or parties required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine." The doctrine is "essentially a rule of mandatory joinder of claims and parties, which precludes non-joined claims from being brought at a later date." *Fields v. Thompson Printing Co., et al.*, 363 F.3d 259, 365 (3rd. Cir 2004).

The New Jersey courts have extended the doctrine to bar all subsequent related claims, defenses, counterclaims and cross-claims. *See Massari v. Einsiedler*, 6 N.J. 303 (N.J. 1951) (defenses); *Ajamian v. Schlanger*, 14 N.J. 483, 103 A.2d 9 (N.J.), *cert. denied*, 348 U.S. 835 (1954) (related claims); *Vacca v. Stika*, 21 N.J. 471 (N.J. 1956) (counterclaims). Thus, the doctrine applies to bar the subsequent litigation of "virtually all causes, claims, and defenses relating to a controversy between the parties engaged in litigation." *Cogdell*, 116 N.J. at 16; *see also, Massari*, 6 N.J. at 312-13 (holding that defendant in initial action brought to recover unpaid purchase price for sale of business was barred from filing second action for reformation of contract on which initial action was based); *Ajamian*, 14

N.J. at 488-89 (barring second suit to recover damages for fraudulent representations brought by assignee of plaintiff that instituted initial suit for contract rescission based on same alleged misrepresentations).

Moreover, the New Jersey courts have barred subsequent lawsuits even when the first was dismissed without prejudice. *See Thomas v. Care Plus of New Jersey, Inc.*, 2012 WL 646023, *3 (D.N.J. February 28, 2012) ("And the doctrine may preclude later filings even if the original lawsuit was dismissed without prejudice."); *Nubenco Enterprises, Inc. v. Inversiones Barberena, S.A.*, 963 F. Supp. 353, 370-71 (D.N.J. 1997) (applying the entire controversy doctrine to bar a subsequent lawsuit when the first was "dismissed without prejudice for failure to prosecute"); *DiTrolio v. Antiles*, 142 N.J. 253 (N.J. 1995) (applying the entire controversy doctrine to bar a subsequent lawsuit when the first was dismissed without prejudice).

Thus, to the extent that Plaintiff wished to pursue additional claims against FedEx Freight regarding its alleged non-payment of cargo and freight delivery services, Plaintiff was obligated to pursue such claims in its initial lawsuit.  As Plaintiff seeks to bring related causes of action against FedEx Freight in this second litigation, such claims must be dismissed as a matter of law pursuant to the entire controversy doctrine.

**B.    Plaintiff Failed to Comply with the Applicable Statute of Limitations.**

It is well settled that parties can enter into agreements to shorten the period in which claims may be filed.  *See Order of United Comm. Travelers of Am. v. Wolfe*, 331 U.S. 586, 608 (1947) ("it is well established that, in the absence of a controlling statute to the  contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action such contract to a period less than the prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period"); *Eagle Fire Protection Corp. v. First Idem. of Am. Ins. Co.*, 145 N.J. 345, 354 (1996) ("Contract provisions limiting the time parties may bring suit have been held to be enforceable, if reasonable.")  As the New Jersey courts have recognized, although the statute of limitations in New Jersey for contract actions is six years, "such a limitation may be waived by express agreement of the parties."  *A.J. Tenwood Associates v. Orange Senior Citizens Housing Co.*, 200 N.J. Super. 515, 523 (App. Div. 1985), *certif. denied*, 101 N.J. 325 (1985).

Here, Plaintiff and FedEx Freight specifically agreed that all compensation claims arising out of their Agreement must be brought within "nine (9) months from freight bill date."  (Rygiel-Boyd Cert., Exh. A, Article V.)  The Agreement explicitly states, "[c]laims presented outside of this timeframe will be disallowed."  (*Id.*)  The parties agreement to shorten the statute of limitations to 9 months is

8

reasonable.  Indeed, similar agreements have been found reasonable by the New Jersey courts.  *See e.g.*, *Mirra v. Holland America Line*, 331 N.J. Super. 86 (App. Div. 2000) (finding an agreement to shorten the period a party can file a contract or negligence claim to 6 months was reasonable and not fundamentally unfair).

Plaintiff, however, did not file its lawsuit within 9 months.  Rather, it waited almost four years before bringing this lawsuit.[1]  Accordingly, Plaintiff's breach of contract claim must be dismissed with prejudice as it was not filed within the agreed upon 9-month limitations period.

Further, Plaintiff's claims for (1) breach of the duties of good faith and fair dealing, (2) unjust enrichment, (3) negligent infliction of economic loss, (4) promissory estoppel, and (5) bad faith must also be dismissed as time barred. When claims are based on a breach of contract, the courts will apply the same breach of contract statute of limitations.  *See e.g., Labeau v. Rentzis*, 2010 WL 2521764, *2-3 (D.N.J. June 14, 2010) (applying the applicable breach of contract statute of limitations period to other contract-related claims, including promissory estoppel and unjust enrichment); *Kassa v. Johnson*, 2009 WL 1658528, *3 (App. Div.  June 16, 2009) (upholding trial court's application of the six-year statute of limitations for the breach of duty of good faith and fair dealing); *Gashlin v. Prudential Ins. Co. of America*, 286 F.Supp.2d 407, 421 (D.N.J. Sept. 4, 2003)

---

[1] Plaintiff's initial lawsuit was even filed outside the agreed upon limitations period as it was filed on September 28, 2012, two years after the 9-month period expired.

(applying to a promissory estoppel claim the statute of limitations period applied to the related breach of contract claim).  Here, it is clear on the face of the Complaint that Plaintiff cannot sustain valid claims of breach of the duties of good faith and fair dealing, unjust enrichment, negligent infliction of economic loss, promissory estoppel, and bad faith as they are out of time as well and, therefore, those must also be dismissed with prejudice.

### C.   Plaintiff Failed to Plead Cognizable Claims of Unjust Enrichment and Promissory Estoppel.

In Count III of its Complaint, Plaintiff alleges that "[a]s a result of defendant's failure to remit payments in accordance to the agreed upon schedule to plaintiff after performance of services tendered, defendant was unjustly enriched…" (Complaint, ¶13).  That is the sum and substance of Plaintiff's "unjust enrichment" claim.

"A party who confers a benefit upon another party *outside* the framework of an express contractual relationship may seek recovery for unjust enrichment on the basis of a quasi-contractual obligation."  *Winslow v. Corporate Express, Inc.*, 364 N.J. Super. 128, 142 (App. Div. 2003) (holding no basis for pursuing a quasi-contractual claim for unjust enrichment based on an express contract) (emphasis supplied).  When an express contract covers the subject matter of a parties' dispute, a plaintiff cannot recover under a quasi-contract theory.  *Ramon v. Budget Rent-A-Car Sys.*, 2007 WL 604795, *5 (D.N.J. Feb. 20, 2007) (granting motion to dismiss

unjust enrichment claim as a matter of law, crediting plaintiff's allegation that defendant was liable under an express contract).

In the instant matter, Plaintiff not only concedes the existence of an actual contract, it continues to admit the existence of a contract throughout its Complaint and even purports to attach a copy of it to the Complaint.[2]  (Complaint, ¶¶3-4). Indeed, Plaintiff's unjust enrichment claim actually *incorporates* into its claim an express contract.   The unjust enrichment claim expressly relies upon a contract allegedly covering the subject matter of this dispute.  (Complaint, ¶13).  Clearly, such a claim cannot be viable since unjust enrichment claims may only deal with claimed benefits "outside the framework of an express contractual agreement." *Winslow*, 364 N.J. Super. at 142.  Thus, in addition to Plaintiff's failure to assert its unjust enrichment within the agreed upon 9-months (as discussed above), the dismissal of Count III is also warranted as a matter of law given that Plaintiff improperly states quasi-contractual claim based on an express contract.

Similarly, Plaintiff's promissory estoppel claim as alleged in Count V of the Complaint must also be dismissed, as it is also a quasi-contractual claim based on an actual express contract.  *See Jones v. Marin*, 2009 WL 2595619 (D.N.J. August 20, 2009) (dismissing plaintiff's promissory estoppel claim, as "[c]laims in quasi-

---

[2] While paragraph 3 of the Complaint references an attached copy of the contract at issue, a copy of the Agreement was not attached to the Complaint mailed to FedEx Freight.  However, Plaintiff's attorney subsequently provided a copy of the Agreement at issue to FedEx Freight by email on April 23, 2014.  (Rygiel-Boyd Cert., Exhs. A and B.)

contract cannot be maintained where a valid contract fully defines the parties' respective rights and obligations").

### D.    Plaintiff's Promissory Estoppel Claim is Insufficient.

Further, Plaintiff's promissory estoppel claim also should be dismissed with prejudice pursuant to Rule 12(b)(6) as it failed to plead it in accordance with the pleading requirements governing federal lawsuits.

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2).  While a plaintiff is not required to plead "detailed factual allegations," a plaintiff is required to assert "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   As the Court of Appeals for the Third Circuit further explained:

> Conclusory … allegations will no longer survive a motion to dismiss; 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice.'

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citations omitted).

"To survive a motion to dismiss, the complaint must contain sufficient factual [allegations] to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 570).   A claim is plausible if it

"pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). "In other words, 'stating … a claim requires a complaint with enough factual matter (taken as true) to suggest the required element'." *Wilkerson v. New Media Technology Charter*, 522 F.3d 315, 321 (3d Cir. 2008) (citations omitted). Rather than just alleging a plaintiff's entitlement to relief, a complaint must "'show' such entitlement with its facts." *Fowler*, 578 F.3d at 211 (*citing Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)). When the plaintiff fails to allege sufficient facts "to raise a right to relief above the speculative level," dismissal is warranted. *Twombly*, 550 U.S. at 555. As explained below, even assuming all of the factual allegations contained in the Complaint as true, they do not give rise to cognizable claims for promissory estoppel. Accordingly, dismissal is proper.

To state a cause of action for "promissory estoppel," a plaintiff must set forth sufficient factual allegations as to the following: (1) a clear and definite promise by the promisor; (2) the promise must be made with the expectation that the promisee will rely thereon; (3) the promisee must in fact reasonably rely on the promise, and (4) detriment of a definite and substantial nature must be incurred in reliance on the promise. *See Malaker Corp. Stockholders Protective Comm. v. First Jersey Nat'l Bank*, 163 N.J. Super. 463, 479 (App. Div. 1978).

In its "promissory estoppel" claim, Plaintiff merely alleges that it performed services for FedEx Freight, and FedEx Freight knew (or should have known) that such services were not gratuitous.   Among other essential elements, Plaintiff's Complaint fails to set forth *any* factual allegations as to a "clear and definite promise," "reasonable reliance," or detriment of a definite and substantial nature based on reliance of a promise.  Any factual allegations as to these elements are entirely absent from Plaintiff's Complaint.  Because Plaintiff simply does not set forth sufficient factual allegations to raise a right to relief for promissory estoppel, this claim should be dismissed.  *See e.g.*, *Iwanicki v. Bay State Mill. Co.*, 2012 WL 4442643 (D.N.J. September 21, 2012) (dismissing plaintiff's promissory estoppel claim on a motion to dismiss); *Zhejiang v. Rongyao Chemical Co., Ltd. v. Pfizer Inc.*, 2012 WL 4442725 (D.N.J. September 21, 2012) (dismissing plaintiff's promissory estoppel claim); *Fuller v. PepsiCo, Inc.*, 2012 WL 3990635 (D.N.J. September 11, 2012) (dismissing plaintiff's promissory estoppel claim).

## II.     The Complaint Should be Dismissed Based on the Insufficiency Process and/or Service of Process.

In accordance with Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, a Complaint may be dismissed on grounds that process was insufficient or that service of process was insufficient.

In the absence of a summons, there is no mechanism for the Court to obtain jurisdiction over a party who has been sued, and no relief can be granted against a

party who has not been properly summoned before the Court. *See Ayres v. Jacobs & Crumplar*, 99 F.3d 565, 568-69 (3d Cir. 1996). ("The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case. The parties cannot waive a void summons."). A deficient summons (or total absence of a summons, as is the case here) cannot be waived because it is through the summons (and effective service of same) that this Court obtains jurisdiction over the party being sued. *Id.* at 569. Indeed, Rule 12(b)(4) provides for the dismissal of actions where there has been insufficient process.

Additionally, Rule 12(b)(5) permits a court to dismiss a case for *insufficient* service of process. In contrast to motions attacking the form of a summons, the general attitude of liberal construction "cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1083 (3d ed. 2013) (citation omitted). Proper service is more than a mere formality; "[it] is a prerequisite to personal jurisdiction." *Taveras v. Resorts Intern. Hotel, Inc.*, 2008 WL 4372791, at *8 (D.N.J. Sept. 19, 2008) (citation omitted). In the absence of proper service of process (or waiver thereof), this Court may not exercise its power over a defendant named in a complaint. *See Hakim v. Bay Sales Corp.*, 2007 WL 2752077 (D.N.J. Sept. 17, 2007).

In removed actions, the sufficiency of service of process prior to removal from state court is determined under state law. *Norsyn, Inc. v. Desai*, 351 F.3d 825, 829 (8th Cir. 2003) ("Since [service] occurred prior to removal, we must determine whether it constituted sufficient service in accordance with the law of the jurisdiction in which the action was filed."); *Lee v. City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir. 1993) ("The issue of the sufficiency of service of process prior to removal is strictly a state law issue. . . ."); *Fed'l Ins. Co. v. Tyco Int'l Ltd.*, 422 F.Supp.2d 357, 383-84 (S.D.N.Y. 2006) ("The sufficiency of service of process prior to removal is strictly a state law issue.").

Plaintiff filed his original Complaint in the Superior Court for the State of New Jersey and attempted service of process when the case the was pending in state court; thus, New Jersey law governs the issue of whether Plaintiff properly effected service on FedEx Freight prior to removal.

Significantly, where the sufficiency of service of process is called into question, the party asserting the validity of service of process bears the burden of proof on that issue. *Grand Entm't Group v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). Thus, Plaintiff, in this case, bears the burden of proving sufficient service of process upon FedEx Freight.

## A.      __Insufficient Service of Process.__

Plaintiff never accomplished service of process upon corporate defendant FedEx Freight.

Under New Jersey state law, service of process on a corporation may be accomplished by personal service:

> on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties, provided, however, that a foreign corporation may be served only as herein prescribed subject to due process of law.

New Jersey Court Rule 4:4-4(a)(6).  Although Rule 4:4-4(b) provides methods for substituted service, those methods all require the plaintiff to submit an affidavit showing that "despite diligent effort and inquiry personal service cannot be made in accordance with paragraph [4:4-4(a)]."  *Id.*, R. 4:4-4(b).

Here, Plaintiff made no attempt to serve FedEx Freight in Arkansas, where it is incorporated and its principle place of business is located.  (Docket Entry No. 1 (hereinafter "Notice of Removal".)  The only attempt Plaintiff has made to effect service on FedEx Freight was to mail a copy to Federal Express Corporation, which is a separate business entity located in Memphis, Tennessee.  (Notice of Removal, ¶¶ 2, 11.)  Neither Federal Express Corporation nor its employees are an

agent authorized by appointment or law to receive service on behalf of FedEx Freight.  Thus, Plaintiff has not effectuated proper service in this matter.

### B. **Absence of Summons.**

Additionally, it appears that a summons has not been issued.  The Complaint that Plaintiff mailed to Federal Express Corporation did not contain a summons.  (Notice of Removal, ¶2 and Exh. A.)  Because there appears to be a total absence of a summons, FedEx Freight has not been summoned before the Court and, as such, dismissal under Rule 12(b)(4) is proper.

Since there has been no summons issued, there likewise has been no effective *service* of process.  Critical to the effective service of process, is delivery (by the appropriate means) of the summons and complaint.  In circumstances, such as here, where a case has been removed from state court to a federal district court in which in which a defendant has not been served with process, "such process may be completed or new process issued in the same manner as in cases originally filed in such district court."  28 U.S.C. 1448.  A federal court may only use those methods of service authorized by rule or statute.  Rule 4(i) of the Federal Rules of Civil Procedure describes the required service which must be effected.  According to subpart (e), a party serving an individual may serve by:

> (1) following state law for serving a summons in…the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the

18

individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(e).

New Jersey state law for serving a summons is nearly identical to the federal rules regarding service of process on an individual. *See* New Jersey Court Rule 4:4-4(a)(1).

In sum, Plaintiff never served FedEx Freight in accordance with the applicable rules and therefore, the Complaint should be dismissed for lack of process, insufficient service of process and lack of personal jurisdiction.

## CONCLUSION

For all the above-referenced reasons, Plaintiff's Complaint should be dismissed with prejudice under Rule 12 of the Federal Rules of Civil Procedure.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Attorneys for Defendant FedEx Freight, Inc. (improperly pled as "Fedex, Inc.")

Date: June 10, 2014                 By: /s/ Jennifer Rygiel-Boyd

18027812.1

19